PROBATE COURT OF CUMBERLAND, FOR THE BENEFIT OF MARGARET FITZ–SIMON, *vs.* VINCENT A. FITZ–SIMON *et al.*

DECEMBER 29, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Unfaithful Administration.   Decrees.   Probate Law.   Pleading.   Res Judicata.*

An executor being adjudged guilty of unfaithful administration in the Superior Court, his exceptions were overruled by the Supreme Court; and decree was entered accordingly in the Superior Court, and a copy of the same was transmitted to the Probate Court.  Thereafter an action was brought upon the bond of the executor, to which he pleaded (2) that he had disallowed the claim before payment on evidence discovered after thirty days after the expiration of six months from first publication of the notice of appointment; (3) that plaintiff had not procured a final decree of the Probate Court adjudging the executor guilty of unfaithful administration.

The plaintiff replied that a final decree had been entered in the Superior Court adjudging defendant guilty of unfaithful administration, and that a copy had been sent to and recorded by the Probate Court, and that said decree was in full force.

Defendant rejoined that since the decree the executor had discovered new

evidence which warranted disallowing the claim.   On demurrers of both parties to the pleadings:—

*Held*, that the replication to the third plea was by way of new assignment, and properly concluded with a verification.

*Held*, further, that said plea, relating to matters of record, properly concluded with a verification.

*Held*, further, that the rejoinder tendered an immaterial issue, since the matter was *res judicata*, and while the decree stood, it could not be attacked collaterally.

*Held*, further, that if defendant sought relief by reason of newly discovered evidence he should proceed by petition within one year after the entry of decree under C. P. A. § 473.

(2)   *Decision of Court Decisive, and Exceptions will Lie, When.*

*Held*, further, that since the ruling of the Superior Court relative to the pleadings was such that if complied with it would result in submitting to the jury an immaterial issue, and changing it to one not included in the statutory requirements of C. P. A. § 1027, its action was not preliminary, but decisive, and an exception to such ruling would be heard before further proceedings were had in the original suit.

(3)   *Bill of Exceptions Setting out Issue of Law.*

*Held*, further, that the bill of exceptions raised the question of law, since it referred to the pleadings involved in the exception taken.

ACTION ON BOND.   Heard on motion of defendant to dismiss plaintiff's bill of exceptions, and denied.   Plaintiff's exceptions sustained.

DUBOIS, J.   This is a bill of exceptions to the decision of the presiding justice of the Superior Court overruling the plaintiff's demurrer to the defendants' rejoinder to the replications of the plaintiff to the defendants' first and second pleas, and sustaining the defendants' demurrer to the plaintiff's replicacation to the defendants' third plea.   The defendants have filed their motion to dismiss said bill of exceptions upon the following grounds:

1st.   Because the exception is not to any ruling, decision, or finding of the court in an action heard on its merits wherein and whereby the plaintiff was aggrieved.

2nd.   Because the bill of exceptions is prematurely brought.

3rd.   Because the bill of exceptions does not state separately and clearly any finding of the court upon any issue of fact or

upon any issue of law by which the plaintiff deems himself aggrieved.

It appears that James A. Fitz-Simon died in Cumberland, Rhode Island, on the 26th day of September, A. D. 1905, leaving a will in which the defendant, Vincent A. Fitz-Simon, is named as executor. Said will was duly probated by the Court of Probate of the town of Cumberland, and said Vincent A. Fitz-Simon qualified as executor, and gave notice of his appointment as such on the 17th and 24th days of November and on the first day of December, 1905. Within one year from the date of the first publication of the notice of the appointment of said executor, the above-named Margaret Fitz-Simon filed her claim against the estate of said James A. Fitz-Simon in the office of the clerk of the Probate Court of said town of Cumberland, and said executor failed to disallow or pay said claim within thirty days from the expiration of said one year from said first publication.

Thereupon said Margaret Fitz-Simon filed in said Court of Probate her petition praying that said executor be adjudged guilty of unfaithful administration, which was, after hearing in said Court of Probate, denied and dismissed; and from said decision of said Court of Probate the said Margaret Fitz-Simon appealed to the Superior Court, and upon hearing in said Superior Court, said executor was adjudged guilty of unfaithful administration as executor of the will of said James A. Fitz-Simon. To the decision of said Superior Court said Vincent A. Fitz-Simon claimed exceptions, which said exceptions were overruled by this court (see 28 R. I. 555), and said cause was remitted to the Superior Court with directions to enter a decree in accordance with its decision.

A decree was entered adjudging said Vincent A. Fitz-Simon guilty of unfaithful administration, and a copy of the same was transmitted to the Court of Probate of the town of Cumberland, and said decree is still in full force and has never been reversed or annulled.

After the entry of the decree of unfaithful administration, the present action was brought upon the bond of said executor, and to the declaration the defendants pleaded:

(1)   That the executor had fully administered.

(2)   That the executor had disallowed the claim of said Margaret Fitz-Simon before payment upon evidence discovered after thirty days after the expiration of six months from the first publication by the executor of the notice of his appointment.

(3)   That the plaintiff had not procured a final decree of the Probate Court adjudging the defendant, Vincent A. Fitz-Simon, guilty of unfaithful administration.

To the first two of these pleas the plaintiff replied that a final decree of the Superior Court had been entered declaring the defendant Vincent A. Fitz-Simon, guilty of unfaithful administration, and that a copy of this decree had been sent to the Probate Court according to law, and duly recorded, and that said decree is still in full force.

To the third plea the plaintiff replied that the final decree of the Superior Court had been obtained and transmitted to the Probate Court of Cumberland according to law, and had never been reversed, annulled, or set aside.

To the replications to the first and second pleas the defendant filed a rejoinder, setting up that since the filing of the plaintiff's petition and the decree thereon adjudging Vincent A. Fitz-Simon guilty of unfaithful administration, said Fitz-Simon had discovered new evidence which warranted, and still warrants, him in disallowing said claim.

The plaintiff demurred to this rejoinder on the ground that said rejoinder and the matters therein contained were not sufficient in law to preclude the plaintiff from having and maintaining her aforesaid action.

The defendants demurred to the plaintiff's replication to the defendants' third plea, on the grounds:

1.   That said replication contains no new matter and concludes with a verification.

2.   That said replication ought to conclude to the country instead of with a verification.

3.   That it does not appear in and by said replication that said final decree of the Probate Court of Pawtucket was entered before the commencement of this action.

(1)    The allegation in the plaintiff's declaration to which the defendants' third plea relates reads as follows: "And the plaintiff further avers that the said Vincent A. Fitz-Simon has been found to be guilty of unfaithful administration as executor of the last will and testament of the said James A. Fitz-Simon."

The defendants' third plea reads as follows: "And the defendants, Vincent A. Fitz-Simon and William McCusker, by their attorneys, Bassett & Raymond and Claude J. Farnsworth, come and defend the wrong and injury, when, etc., and crave oyer of said supposed writing obligatory in said plaintiff's declaration set forth; and it is read to them. They also crave oyer of the condition of said writing obligatory; and it is read to them. And they say that they ought not to be charged with said debt by virtue of said writing obligatory, because they say that said Margaret Fitz-Simon, as a creditor of the estate of James A. Fitz-Simon, has not, as provided by law, procured a final decree of the Probate Court of the town of Cumberland, declaring that said Vincent A. Fitz-Simon is guilty of unfaithful administration of the estate of James A. Fitz-Simon. And this the defendants are ready to verify;" and the plaintiff's replication thereto is of the tenor following: "And the said plaintiff as to the said plea of the said defendants by them thirdly above pleaded, saith that she, the plaintiff, by reason of anything by the said defendants in that plea alleged, ought not to be barred from having and maintaining her aforesaid action thereof against the said defendants, because she says that, she the plaintiff has procured a final decree of the Superior Court of the State of Rhode Island declaring that said Vincent A. Fitz-Simon is guilty of unfaithful administration of the estate of James A. Fitz-Simon and that a certified copy of said final decree of said Superior Court has been sent and transmitted to said Probate Court of the town of Cumberland as by law provided and has been duly recorded by said Probate Court as therein directed. And the plaintiff avers that said decree is still in full force and has never been reversed, annulled, or set aside. And this the plaintiff is ready to verify, wherefore she prays judgment and her damages by her sustained on occasion of the non-performance of said writ-

ing obligatory in her declaration mentioned, to be adjudged to her."

The defendants' demurrer should have been overruled.

The plaintiff's replication does contain new matter, and states in effect, by way of new assignment, that, although she has not procured a final decree of the Probate Court of Cumberland against said Vincent A. Fitz-Simon for unfaithful administration, as in said plea alleged, she has procured such a final decree of the Superior Court of the State of Rhode Island, a certified copy of which decree has been duly recorded in said Probate Court according to law, and that said decree remains in full force; and this properly concludes with a verification.

The second ground of demurrer is untenable because matters of record are not to be tried by a jury, and therefore the pleadings relating to the same should not conclude to the country; and the third ground of demurrer should have been overruled because the Probate Court of Pawtucket has nothing to do with the case.

The plaintiff's demurrer to the defendants' rejoinder should have been sustained because the rejoinder tenders an immaterial issue, to wit, whether the defendant Fitz-Simon had discovered new evidence warranting the disallowance of the very claim for the non-disallowance and non-payment of which he had been adjudged guilty of unfaithful administration.

The matter is *res judicata*, and while said decree exists he can not be allowed to attack it or override it collaterally. If the parties are compelled to proceed to trial upon such immaterial issue, judgment must be rendered for the plaintiff, irrespective of, or notwithstanding, any verdict that may be rendered by the jury. Under C. P. A., § 1027, all that the plaintiff need show is:

" (1)   That his claim has been duly filed.

" (2)   That his claim has not been disallowed by the executor or administrator, or has been established by commissioners or by judgment.

" (3) . That a decree of unfaithful administration has been entered as provided in the next following section, and if the

estate be insolvent, he shall also produce a copy of the order of distribution."

The plaintiff has complied with the requirements of the statute, but the defendants seek to avoid the effect of the same by attempting to show a disallowance made in the face of the decree. This the defendants can not be permitted to do. If the defendant Fitz-Simon is aggrieved by the decree of the Superior Court and claims that he is entitled to a revision thereof by reason of evidence, newly discovered since the entry thereof, for lack of which evidence the decision which culminated in said decree was unfavorable to him, he must proceed by petition filed within one year after the entry of such decree, under the provisions of C. P. A., § 473.

(2)    It thus appears that the ruling of the Superior Court was such that if complied with it would result in submitting to the jury an immaterial and useless issue, the trial of which would involve an unnecessary and useless expenditure of time and money. Such action on the part of the Superior Court, changing the issue to one not included in the statutory requirements hereinbefore quoted, is not preliminary, but decisive, as it causes a radical change in the suit itself, and an exception to such ruling ought to be heard and determined before further proceedings are had in the original suit.

(3)    The bill of exceptions plainly raises the question of law because it refers to the pleadings which are involved in the exception taken. The motion to dismiss the bill of exceptions upon this ground is therefore denied; the plaintiff's exceptions to the rulings of the Superior Court in overruling her demurrer and in sustaining the defendants' demurrer are sustained, and the case is remitted to the Superior Court for further proceedings in accordance herewith.

James Harris and Frederic A. Greene, for plaintiff.
Bassett & Raymond, for defendants.
Russell W. Richmond, of counsel.